UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
KIRSTEN JOHN FOY,

Index No.:

      Plaintiff

**CV 12**    **41 4**  **COMPLAINT**

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, and JOHN DOES-Police
Officers as yet unidentified,

**KORMAN, J.**

      Defendants.

SUMMONS ISSUED

REYES, M.J

Plaintiff, by his attorneys, RUBENSTEIN & RYNECKI, ESQS., complaining of the

defendants herein, upon information and belief, respectfully shows to this Court, and alleges as

follows:

## IDENTIFICATION OF THE PARTIES

1.    That at all times hereinafter mentioned, plaintiff, KIRSTEN JOHN FOY, was and

still is a resident of the County of Kings, City and State of New York.

2.    That at all times hereinafter mentioned, the defendant, THE CITY OF NEW

YORK, was and still is a municipal corporation, duly organized and existing pursuant to the laws

of the State of New York.

3.    That the defendant, THE CITY OF NEW YORK, maintains a police force known

as the NEW YORK CITY POLICE DEPARTMENT.

## NOTICE OF CLAIM

4.    This action has been commenced within one (1) year and ninety (90) days after the

happening of the events, upon which these claims arise.

5.    That prior hereto on November 25, 2011, and within the time prescribed by law,

a sworn Notice of Claim stating, among other things, the time when and place where the injuries

and damages were sustained, together with plaintiff KIRSTEN JOHN FOY's demands for

adjustment or payment thereof, and that thereafter the CITY OF NEW YORK refused or

neglected for more than (**30**) days and up to the commencement of this action to make any

adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

6.    That on January 9, 2012, pursuant to the General Municipal Law, a Statutory 50-H hearing of the plaintiff, KIRSTEN JOHN FOY, was held.

## JURISDICTION AND VENUE

7.    That at all times hereinafter mentioned, plaintiffs bring this suit for a violation of their civil rights under 42 U.S.C.A. sections 1981, 1983, 1985, 1986 and 1988 and within the United States Constitution and the laws of the State of New York and this court has jurisdiction of this action pursuant to 28 U.S.C.A. 1331 and 1343. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 USC section 1367.

8.    The amount of damages in controversy is in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS **($150,000.00),** exclusive of interest and costs.

9.    The venue is laid within the United States District Court for the Eastern District of New York in that the incident arose in the Eastern District of New York.

10.    Plaintiffs demand a trial by jury on each and every one of the claims pled herein.

## AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY ON BEHALF OF KIRSTEN JOHN FOY

11.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "10" inclusive with the same force and effect as if more fully set forth at length herein.

12.    That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, employed JOHN DOES-Police Officers as yet unidentified, as agents, servants and/or employees.

13.    That on September 5, 2011, the plaintiff, KIRSTEN JOHN FOY, was lawfully present and lawfully attended the Carribean Day Parade held in the County of Kings, City and

State of New York.

14.     That on September 5, 2011, the plaintiff, KIRSTEN JOHN FOY, was lawfully present and lawfully attended the Carribean Day Parade which took place along the parade route on Eastern Parkway, County of Kings, City and State of New York.

15.     That on September 5, 2011, the plaintiff, KIRSTEN JOHN FOY, was lawfully present at the Carribean Day Parade and provided with "VIP" credentials to attend the aforesaid parade and related parade events.

16.     That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the plaintiff, KIRSTEN JOHN FOY, was lawfully present outside the premises known as the Brooklyn Public Library, located at 10 Grand Army Plaza, on the lawn along the Eastern Parkway side of said building, County of Kings, City and State of New York.

17.     That on September 5, 2011, as the plaintiff, KIRSTEN JOHN FOY, attempted to walk along the area to be used by "VIP" and other dignitaries to attend the luncheon at the Brooklyn Museum for which he was an invited guest he was without warning stopped, assaulted, battered and imprisoned by JOHN DOES-Police Officers as yet unidentified, acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

18.     That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the plaintiff, KIRSTEN JOHN FOY, was assaulted by defendants, including but not limited to JOHN DOES-Police Officers as yet unidentified, acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

19.     That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the aforementioned assault and battery was performed knowingly, intentionally and willfully.

20.     That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the defendants, JOHN DOES-Police Officers as yet unidentified, who

committed the aforementioned assault and battery upon the plaintiff, KIRSTEN JOHN FOY, were acting within the scope of their employment with the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

21.    That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the assault and battery on the plaintiff was without probable cause and was not the result of an appropriate stop or appropriate arrest.

22.    By reason of said assault and battery, the plaintiff, KIRSTEN JOHN FOY, was caused to suffer severe and serious injuries in and about diverse parts of the person, and suffered great pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

23.    By the reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE ARREST ON BEHALF OF KIRSTEN JOHN FOY

24.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "23" inclusive with the same force and effect as if more fully set forth at length herein.

25.    That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, JOHN DOES-Police Officers as yet unidentified, were working within their scope of employment and authority with defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, when they arrested, detained against his will and confined the plaintiff, KIRSTEN JOHN FOY.

26.    That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the arrest and confinement was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

27. That as a result of the aforesaid false arrest and confinement, plaintiff, KIRSTEN JOHN FOY, sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

28. By reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE ON BEHALF OF KIRSTEN JOHN FOY

29. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "28" inclusive with the same force and effect as if more fully set forth at length herein.

30. The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to JOHN DOES-Police Officers as yet unidentified, were negligent, reckless and careless in assaulting, battering and falsely arresting the plaintiff, KIRSTEN JOHN FOY.

31. As the result of said negligence, the plaintiff, KIRSTEN JOHN FOY, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

32. By reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF KIRSTEN JOHN FOY

33. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "32" inclusive with the same force and effect as if more fully set forth at

length herein.

34.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of defendants, JOHN DOES-Police Officers as yet unidentified, who assaulted, battered and falsely arrested the plaintiff, KIRSTEN JOHN FOY.

35.     That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of defendants, JOHN DOES-Police Officers as yet unidentified, and continued to employ them and allowed them to be in contact with the public at large.

36.     By reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR FALSE IMPRISONMENT ON BEHALF OF KIRSTEN JOHN FOY

37.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "36" inclusive with the same force and effect as if more fully set forth at length herein.

38.     That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, JOHN DOES-Police Officers as yet unidentified, were acting within their scope of employment when they, without justification and without probable cause, imprisoned the plaintiff, KIRSTEN JOHN FOY.

39.     Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to JOHN DOES-Police Officers as yet unidentified, while acting within their scope of employment, intentionally confined and detained the plaintiff, KIRSTEN JOHN FOY, against his will and said confinement was not privileged.

40.    By the reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION ON BEHALF OF KIRSTEN JOHN FOY

41.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "40" inclusive with the same force and effect as if more fully set forth at length herein.

42.    That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, JOHN DOES-Police Officers as yet unidentified, within the scope of their employment, without justification, without probable cause, attempted to cover up the aforesaid and initiate a prosecution in bad faith.

43.    That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, JOHN DOES-Police Officers as yet unidentified, were acting within the scope of their employment, maliciously prosecuted the plaintiff.

44.    That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, as a result of the aforesaid malicious prosecution, plaintiff sustained serious, permanent, personal injuries along with humiliation, shame, indignity, damage to reputation and credit, legal fees, loss of employment opportunities and suffered emotional and physical distress and injury.

45.    By reason of the foregoing, plaintiff, KIRSTEN JOHN FOY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF KIRSTEN JOHN FOY

46.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "45" inclusive with the same force and effect as if more fully set forth at length herein.

47.    Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to JOHN DOES-Police Officers as yet unidentified, were acting under the color of law and within the scope of their authority assaulted, battered, falsely arrested and imprisoned the plaintiff, KIRSTEN JOHN FOY, in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

48.    Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to and JOHN DOES-Police Officers as yet unidentified, acting under color of law and within the scope of their authority, deprived the plaintiff, KIRSTEN JOHN FOY, of liberty without due process and without reasonable cause in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

49.    The defendants had deprived the plaintiff, KIRSTEN JOHN FOY, by their actions of his civil rights as guaranteed by statute.

50.    That the assault, battery, false arrest and imprisonment was in violation of the civil rights of the plaintiff, KIRSTEN JOHN FOY, more particularly, 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

51.    That the deprivation by the defendants of plaintiff's civil rights was a result of said defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to JOHN DOES-Police Officers as yet unidentified, acting under color of law and within their authority as law enforcement officers within the employ of defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

52.    That the defendants' actions were not privileged or immune.

53.    That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to JOHN DOES-Police Officers as yet unidentified, were not acting with immunity when they deprived the plaintiff, KIRSTEN JOHN FOY, of his civil rights.

54.    By reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims

damages for injuries as set forth above to be determined at trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF  KIRSTEN JOHN FOY

55.    The plaintiff repeats and realleges each and every allegation set forth above

numbered "1" through "54" inclusive with the same force and effect as if more fully set forth

at length herein.

56.    The actions of the defendants herein-above alleged, were malicious, willful and

grossly negligent.

57.    Defendants,  THE CITY OF NEW YORK and THE NEW YORK CITY

POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts

of their agents, servants and/or employees, including but not limited to JOHN  DOES-Police

Officers as yet unidentified.

58.    By reason of the above actions of defendants, the  plaintiff, KIRSTEN JOHN

FOY, claims damages for injuries as set forth above to be determined at trial.


**WHEREFORE,** plaintiff requests the following relief jointly and severally as against

all of the defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs, and attorneys' fees; and

4. For such other and further relief as to this Court may seem just and proper.

and further plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth

above to be determined at trial, on the **First Cause** of Action; plaintiff, KIRSTEN JOHN

FOY, claims damages for injuries as set forth above to be determined at trial, on the **Second**

**Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth

above to be determined at trial, on the **Third Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Fourth Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Fifth Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Sixth Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Seventh Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Eighth** Cause of Action;

<u>**PLAINTIFF DEMAND TRIAL BY JURY**</u>

DATED: Brooklyn, New York
        August 6, 2012

Yours, etc.,

SANFORD RUBENSTEIN, ESQ.
RUBENSTEIN & RYNECKI, ESQS
Attorneys for Plaintiff
KIRSTEN JOHN FOY
16 Court Street Suite 1717
Brooklyn, New York 11241
(718) 522-1020
File No.:11KF09-05

## **INDIVIDUAL VERIFICATION**

STATE OF NEW YORK            )

                                           ) SS:

COUNTY OF KINGS            )

KIRSTEN JOHN FOY , being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

_____
KIRSTEN JOHN FOY

Sworn to before me this_____9th_____
day of August, 2012

_____
NOTARY PUBLIC

SHARON S. KHAN
Notary Public, State of New York
No. 01KH6159683
Qualified in Kings County
Commission Expires January 22, 2015