%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KRISTEN JOHN FOY

### DEFENDANTS
THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER RYAN DOWLING-Shield

(b) County of Residence of First Listed Plaintiff: **Kings**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Kings**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rubenstein & Rynecki, Esqs., 16 Court Street, Suite 1717, Brooklyn, New York 11241 (718) 522-1020

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  **Habeas Corpus:**  ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment  ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other  ☐ 550 Civil Rights  ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Fire incident involving plaintiff resulted in the death of plaintiff, Sofia Olivo and personal injury to Jennifer L. Rios

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In an amount exceeding the jurisdictional limits of all lower Courts
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: Ramon Reyes
DOCKET NUMBER: 12 CV 4142

DATE: 02/06/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## ARBITRATION CERTIFICATION

I, Scott E. Rynecki, Esq. , counsel for Plaintiff do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs. _____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (SECTION VIII)

**All cases that are arguably related pursuant to Division of Business Rule 50.3.1 should be listed in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."**

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No

2.) If you answered "no" above:

   a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No

   b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? No

   (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

Yes Yes          No _____

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

Yes _____ (If yes, please explain)    No No

---

Please provide your E-MAIL address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court. (This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**Attorney Bar Code:** SER 4339

**E-MAIL Address:** Rubrynlaw @ AOL.com

Electronic filing procedures were adopted by the Court in Administrative Order No. 97-12, "In re: Electronic Filing Procedures (ECF)." Electronic filing became mandatory in Administrative Order 2004-08, "In re: Electronic Case Filing." Electronic service of all papers is now routine.

I certify the accuracy of all information provided above.

**Signature:** _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
KIRSTEN JOHN FOY,

        Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER RYAN
DOWLING-Shield # 23276 and JOHN DOES-Police
Officers as yet unidentified,

        Defendants.
------------------------------------------X

Index No.: 12 CV 4142

**AMENDED COMPLAINT**

Plaintiff, by his attorneys, RUBENSTEIN & RYNECKI, ESQS., complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## IDENTIFICATION OF THE PARTIES

1. That at all times hereinafter mentioned, plaintiff, KIRSTEN JOHN FOY, was and still is a resident of the County of Kings, City and State of New York.

2. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation, duly organized and existing pursuant to the laws of the State of New York.

3. That the defendant, THE CITY OF NEW YORK, maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT.

## NOTICE OF CLAIM

4. This action has been commenced within one (1) year and ninety (90) days after the happening of the events, upon which these claims arise.

5. That prior hereto on November 25, 2011, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff KIRSTEN JOHN FOY's demands for adjustment or payment thereof, and that thereafter the CITY OF NEW YORK refused or

neglected for more than (**30**) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

6.  That on January 9, 2012, pursuant to the General Municipal Law, a Statutory 50-H hearing of the plaintiff, KIRSTEN JOHN FOY, was held.

## JURISDICTION AND VENUE

7.  That at all times hereinafter mentioned, plaintiffs bring this suit for a violation of their civil rights under 42 U.S.C.A. sections 1981, 1983, 1985, 1986 and 1988 and within the United States Constitution and the laws of the State of New York and this court has jurisdiction of this action pursuant to 28 U.S.C.A. 1331 and 1343. The plaintiff further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 USC section 1367.

8.  The amount of damages in controversy is in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS (**$150,000.00**), exclusive of interest and costs.

9.  The venue is laid within the United States District Court for the Eastern District of New York in that the incident arose in the Eastern District of New York.

10. Plaintiffs demand a trial by jury on each and every one of the claims pled herein.

### AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY ON BEHALF OF KIRSTEN JOHN FOY

11. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "10" inclusive with the same force and effect as if more fully set forth at length herein.

12. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, employed POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, as agents, servants and/or employees.

13. That on September 5, 2011, the plaintiff, KIRSTEN JOHN FOY, was lawfully present and lawfully attended the Carribean Day Parade held in the County of Kings, City and State of New York.

14. That on September 5, 2011, the plaintiff, KIRSTEN JOHN FOY, was lawfully present and lawfully attended the Carribean Day Parade which took place along the parade route on Eastern Parkway, County of Kings, City and State of New York.

15. That on September 5, 2011, the plaintiff, KIRSTEN JOHN FOY, was lawfully present at the Carribean Day Parade and provided with "VIP" credentials to attend the aforesaid parade and related parade events.

16. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the plaintiff, KIRSTEN JOHN FOY, was lawfully present outside the premises known as the Brooklyn Public Library, located at 10 Grand Army Plaza, on the lawn along the Eastern Parkway side of said building, County of Kings, City and State of New York.

17. That on September 5, 2011, as the plaintiff, KIRSTEN JOHN FOY, attempted to walk along the area to be used by "VIP" and other dignitaries to attend the luncheon at the Brooklyn Museum for which he was an invited guest he was without warning stopped, assaulted, battered and imprisoned by POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

18. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the plaintiff, KIRSTEN JOHN FOY, was assaulted by defendants, including but not limited to POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

19. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the aforementioned assault and battery was performed knowingly, intentionally and willfully.

20. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the defendants, POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, who committed the aforementioned assault and battery upon the plaintiff, KIRSTEN JOHN FOY, were acting within the scope of their employment with the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

21. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the assault and battery on the plaintiff was without probable cause and was not the result of an appropriate stop or appropriate arrest.

22. By reason of said assault and battery, the plaintiff, KIRSTEN JOHN FOY, was caused to suffer severe and serious injuries in and about diverse parts of the person, and suffered great pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

23. By the reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE ARREST ON BEHALF OF KIRSTEN JOHN FOY

24. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "23" inclusive with the same force and effect as if more fully set forth at length herein.

25. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, were working within their scope of employment

and authority with defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, when they arrested, detained against his will and confined the plaintiff, KIRSTEN JOHN FOY.

26. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, the arrest and confinement was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

27. That as a result of the aforesaid false arrest and confinement, plaintiff, KIRSTEN JOHN FOY, sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

28. By reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE ON BEHALF OF KIRSTEN JOHN FOY

29. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "28" inclusive with the same force and effect as if more fully set forth at length herein.

30. The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, were negligent, reckless and careless in assaulting, battering and falsely arresting the plaintiff, KIRSTEN JOHN FOY.

31. As the result of said negligence, the plaintiff, KIRSTEN JOHN FOY, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

32. By reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF KIRSTEN JOHN FOY

33. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "32" inclusive with the same force and effect as if more fully set forth at length herein.

34. The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of defendants, POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, who assaulted, battered and falsely arrested the plaintiff, KIRSTEN JOHN FOY.

35. That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of defendants, POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, and continued to employ them and allowed them to be in contact with the public at large.

36. By reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR FALSE IMPRISONMENT ON BEHALF OF KIRSTEN JOHN FOY

37. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "36" inclusive with the same force and effect as if more fully set forth at length herein.

38. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, were acting within their scope of employment when they, without justification and without probable cause, imprisoned the plaintiff, KIRSTEN JOHN FOY.

39. Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, while acting within their scope of employment, intentionally confined and detained the plaintiff, KIRSTEN JOHN FOY, against his will and said confinement was not privileged.

40. By the reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION ON BEHALF OF KIRSTEN JOHN FOY

41. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "40" inclusive with the same force and effect as if more fully set forth at length herein.

42. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, within the scope of their employment, without justification, without probable cause, attempted to cover up the aforesaid and initiate a prosecution in bad faith.

43. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, were acting within the scope of their employment, maliciously prosecuted the plaintiff.

44. That on September 5, 2011, and at all times hereinafter mentioned and upon information and belief, as a result of the aforesaid malicious prosecution, plaintiff sustained serious, permanent, personal injuries along with humiliation, shame, indignity, damage to reputation and credit, legal fees, loss of employment opportunities and suffered emotional and physical distress and injury.

45. By reason of the foregoing, plaintiff, KIRSTEN JOHN FOY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF KIRSTEN JOHN FOY

46. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "45" inclusive with the same force and effect as if more fully set forth at length herein.

47. Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, were acting under the color of law and within the scope of their authority assaulted, battered, falsely arrested and imprisoned the plaintiff, KIRSTEN JOHN FOY, in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

48. Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, acting under color of law and within the scope of their authority, deprived the plaintiff, KIRSTEN JOHN FOY, of liberty without due process and without reasonable cause in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

49. The defendants had deprived the plaintiff, KIRSTEN JOHN FOY, by their actions of his civil rights as guaranteed by statute.

50. That the assault, battery, false arrest and imprisonment was in violation of the civil rights of the plaintiff, KIRSTEN JOHN FOY, more particularly, 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

51. That the deprivation by the defendants of plaintiff's civil rights was a result of said defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, acting under color of law and within their authority as law enforcement officers within the employ of defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

52. That the defendants' actions were not privileged or immune.

53. That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified, were not acting with immunity when they deprived the plaintiff, KIRSTEN JOHN FOY, of his civil rights.

54. By reason of the foregoing, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF KIRSTEN JOHN FOY

55. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "54" inclusive with the same force and effect as if more fully set forth at length herein.

56. The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

57. Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts

of their agents, servants and/or employees, including but not limited to POLICE OFFICER RYAN DOWLING-Shield # 23276 and JOHN DOES-Police Officers as yet unidentified.

58. By reason of the above actions of defendants, the plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial.

**WHEREFORE**, plaintiff requests the following relief jointly and severally as against all of the defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs, and attorneys' fees; and

4. For such other and further relief as to this Court may seem just and proper.

and further plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **First Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Second Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Third Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Fourth Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Fifth Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Sixth Cause** of Action; plaintiff, KIRSTEN JOHN FOY, claims damages for injuries as set forth above to be determined at trial, on the **Seventh Cause** of Action; plaintiff, KIRSTEN JOHN

FOY, claims damages for injuries as set forth above to be determined at trial, on the **Eighth** Cause of Action;

<u>**PLAINTIFF DEMAND TRIAL BY JURY**</u>

DATED:  Brooklyn, New York
        February 7, 2013

                                            Yours, etc.,

                                            SCOTT E. RYNECKI, ESQ.
                                            RUBENSTEIN & RYNECKI, ESQS
                                            Attorneys for Plaintiff
                                            KIRSTEN JOHN FOY
                                            16 Court Street Suite 1717
                                            Brooklyn, New York 11241
                                            (718) 522-1020
                                            File No.:11KF09-05

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK  )
                   ) SS:
COUNTY OF KINGS    )

KIRSTEN JOHN FOY, being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing **AMENDED COMPLAINT** and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

_____
KIRSTEN JOHN FOY

Sworn to before me this _____
day of February, 2013

_____
NOTARY PUBLIC
SHARON S. KHAN
Notary Public, State of New York
No. 01KH6159683
Qualified in Kings County
Commission Expires January 22, 2015

RUBENSTEIN & RYNECKI ESQS.

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

**RUBENSTEIN & RYNECKI ESQS.**

*Attorneys for*

*Office and Post Office Address*
16 COURT ST.
BROOKLYN, N.Y. 11241

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on                                      M.
at
Dated,

Yours, etc.

**RUBENSTEIN & RYNECKI ESQS.**

*Attorneys for*

*Office and Post Office Address*
16 COURT ST.
BROOKLYN, N.Y. 11241

To

Attorney(s) for

---

Index No. 4142   Year

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIRSTEN JOHN FOY,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTME[NT], JOHN DOES-Police Officers as yet unidentified,

Defendants,

---

**CIVIL COVER SHEET FOR SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT**

---

Signature (Rule 130-1.1-a)

Print name beneath

**RUBENSTEIN & RYNECKI ESQS.**

*Attorneys for*

*Office and Post Office Address, Telephone*
16 COURT ST.
BROOKLYN, N.Y. 11241
(718) 522-1020

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated

Attorney(s) for

1500 – **Blumberg** Excelsior Inc., NYC 10013

CV 12